**LOCAL 82, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Plaintiff,**

v.

**PRITCHARD INDUSTRIES, INC., Defendant.**

**Civ. A. No. 93–0847 SS.**

United States District Court, District of Columbia.

July 7, 1993.

---

**36**

Orrin Baird, Larry Engelstein, Service Employees Intern. Union, Washington, DC, for plaintiff.

Frank Mooris, Andrea Calem, Epstein Becker & Green, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Before this Court is Defendant's Motion to Dismiss or, Alternatively, to Stay Plaintiff's Claim. The Court heard oral argument on this motion on July 1, 1993. For the reasons stated below, Defendant's motion will be denied.

Defendant, Pritchard Industries, is a building maintenance contractor headquartered in Maryland. Plaintiff, Local 82, represents some of Defendant's janitorial employees in the District of Columbia. The parties held contract negotiations in the fall and winter of 1992. The Union contends that this negotiation process resulted in an agreement that was memorialized in two parts. The first

was a collective bargaining agreement for Pritchard's unionized janitors ("Collective Bargaining Agreement"). The second was a "Recognition Agreement" that provided a process by which Pritchard janitors in several non-union shops could select the Union as their collective bargaining agent.[1] Pritchard signed the document titled "Collective Bargaining Agreement," but refused to sign the document titled "Recognition Agreement."

On March 25, 1993, the Union filed an unfair labor practice charge with the National Labor Relations Board (NLRB), based on Pritchard's refusal to sign the Recognition Agreement. On April 23, the Union filed the complaint in this action, seeking enforcement of the Recognition Agreement under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Defendant contends that the NLRB has primary, if not exclusive, jurisdiction over disputes involving union representation. The instant case, however, involves a different question: whether the parties formed a binding contract. Although the Recognition Agreement, if found to be binding, may ultimately affect representation rights, the Union is not asking this Court to monitor implementation of that agreement. The Union is only asking for a ruling on the narrow issue of whether an agreement exists. The Court has jurisdiction over such disputes arising under § 301(a). *See Smith v. Evening News Ass'n,* 371 U.S. 195, 197–98, 83 S.Ct. 267, 269, 9 L.Ed.2d 246 (1962) (holding that federal district courts have jurisdiction over violations of collective bargaining contracts, even if such violations are also unfair labor practices subject to NLRB jurisdiction).[2]

Defendant also argues that the Court lacks jurisdiction because Defendant never formed

---

**1.** The Recognition Agreement provided that the Union could demonstrate majority status by a card check procedure instead of a formal National Labor Relations Board (NLRB) election. It further provided that, upon the Union's demonstration of majority support, the Collective Bargaining Agreement would apply to all new union members. *See* Plaintiff's Complaint for Declaratory and Injunctive Relief, Exh. B.

**2.** *See also Retail Clerks Int'l Ass'n Local 128 v. Lion Dry Goods, Inc.,* 369 U.S. 17, 28, 82 S.Ct. 541, 548, 7 L.Ed.2d 503 (1962) (holding that

§ 301(a) confers jurisdiction on federal district courts over any "agreement between employers and labor organizations significant to the maintenance of labor peace between them."); *Mack Trucks, Inc. v. International Union, UAW,* 856 F.2d 579, 585 (3d Cir.1988), *cert. denied,* 489 U.S. 1054, 109 S.Ct. 1316, 103 L.Ed.2d 585 (1989) ("[A] district court retains independent jurisdiction to decide a case properly brought under § 301, even if the claim may also constitute an unfair labor practice under the NLRA.").

a contract with respect to the Recognition Agreement. This is a material fact in dispute and cannot be decided on a Motion to Dismiss.

Alternatively, Defendant contends that even if the Court does have jurisdiction in this matter, the Court should defer to the NLRB as a matter of policy because the Union is seeking the same relief in both forums. The NLRB action, including appeals, could take three or four years to complete. Such a delay would inflict hardship not only on Plaintiff, but also on the non-unionized employees, who could be forced to wait several years to select or reject the Union as their exclusive bargaining agent.

Furthermore, the NLRB could resolve the unfair labor practice issue without ever reaching the question of whether a contract exists. In that case, the NLRB action might not be dispositive. The Union could well find itself before this Court years from now, seeking a ruling on the same question it raises today.

Accordingly, Defendant's Motion to Dismiss will be denied. An appropriate Order accompanies this Memorandum.

### ORDER

Before the Court is Defendant's Motion to Dismiss or, Alternatively, to Stay Plaintiff's Claim. Upon consideration of this motion and Plaintiff's opposition thereto, and after conducting a hearing on the motion on July 1, 1993, for the reasons stated in the foregoing Memorandum Opinion, it is hereby

ORDERED that Defendant's motion be denied. It is

FURTHER ORDERED that the parties shall have 60 days from the date of this order to conduct discovery; and it is

FURTHER ORDERED that a trial in this matter will be held on September 17, 1993 at 10 a.m.